UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH A. JAKUTTIS,<br><br>    Plaintiff,<br><br>    v.<br><br>TOWN OF DRACUT, MASSACHUSETTS, a municipal corporation and public employer; DAVID J. CHARTRAND, JR., in his individual and official capacity; MICHAEL V. O'HANLON, in his individual capacity; JOHN DOE 1, (a pseudonym) in his individual capacity; and JOHN DOE 2, (a pseudonym) in his official capacity,<br><br>    Defendants. | Case No. 16-12643-DPW |

## AMENDED NOTICE OF REMOVAL

**TO:   THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1442, 1443, 1446, and 28 U.S.C. 2679(d)(2), Defendant Michael V. O'Hanlon and Defendant Richard P. Poirier, Jr., (designated as Defendant "John Doe 2"), by and through their attorney, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, hereby remove to this Court the above-entitled action based on the following:

### BACKGROUND

1.    On or about December 1, 2016, Plaintiff Joseph A. Jakuttis, filed a complaint in the Superior Court, Middlesex County, Commonwealth of Massachusetts, entitled Joseph A. Jakutis v. Town of Dracut, Michael V. O'Hanlon, John Doe 2, et al., Civil Action No. 1681-03452 ("State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the complaint and summons in the State Court Action was attached to the original Notice of Removal in this action, attached as Exhibit A.  In the State Court Action, Plaintiff alleges, among other things, that Michael V. O'Hanlon and Richard P. Poirier, Jr., agents of the United States Drug Enforcement Agency, violated the Plaintiff's rights under the Massachusetts Civil Rights Act, violated Plaintiff's freedom of speech rights under 42 U.S.C. § 1983 and/or the First Amendment of the United States Constitution, committed the tort of intentional interference with contractual relations against Plaintiff, committed the tort of intentional infliction of emotional distress against Plaintiff, engaged in civil conspiracy to retaliate against Plaintiff for the exercise of Plaintiff's first amendment rights under the United States Constitution,, engaged in a pattern of racketeering against Plaintiff in violation of 18 U.S.C. § 1962, and engaged in a conspiracy against Plaintiff to violate 18 U.S.C. § 1962 and 18 U.S.C. § 1964.

3. The Defendants Michael V. O'Hanlon and Richard P. Poirier, Jr. are and were at all relevant times employed by the Drug Enforcement Agency, an agency of the United States.

4. The acts complained of, if they occurred at all, were acts by Defendants O'Hanlon and Poirier within the scope of their employment as employees of the United States.

## TIMELINESS OF REMOVAL

5. Upon information and belief, the Complaint has never been served upon the United States pursuant to Federal Rule of Civil Procedure 4(i).

6. Plaintiff served the Complaint on Defendant O'Hanlon on or about December 5, 2016, and upon Defendant Poirier on or about December 20, 2016. .

7. This Notice of Removal is timely as filed within 30 days of "service or otherwise" pursuant to 28 U.S.C. § 1446(b).

## JURISDICTION

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1442(a)(1), which provides that "a civil action that is commenced in a State court and is against" a United States officer acting "under the color of such office" may be removed by the United States to a United States District Court.

9. This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1443, which provides that any civil claims involving an alleged violation of the Plaintiff's civil rights committed by a federal employee in the scope of his employment that are "commenced in a State court may be removed by the defendant to the district court of the United States."

10. This Court also has jurisdiction over this action pursuant to 28 U.S.C.2679(d)(2), which provides that a claim for damages for personal injury by an employee of the United States acting within the scope of employment at the time of the incident out of which the claim arose shall be removed to United States District Court.

11. The action filed in the Middlesex Superior Court falls within the jurisdiction of the United States District Court of the District of Massachusetts.

## VENUE

13. Venue lies in this Court pursuant to 28 U.S.C. §§ 1442, 1143, and 1446(a).

14. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of Middlesex County, Commonwealth of Massachusetts. A copy of the notice filed with the State Court will be sent to Plaintiff's counsel.

15. Pursuant to Local Rule 81.1(a), the United States will request that the Clerk of Clerk of the Superior Court of Middlesex County send certified copies of all records and proceedings in the State Court Action and certified copies of all docket entries, including a copy

3

of this Amended Notice of Removal, to the undersigned, who will file said copies with this Court within twenty-eight (28) days after filing of this Notice of Removal.

WHEREFORE Defendants Michael V. O'Hanlon and Richard P. Poirier, Jr., employees of the United States, request that this action be entered upon the docket of this Court and, upon filing a copy of this Notice with the Clerk of the Superior Court of Middlesex County, the Superior Court of Middlesex County shall proceed no further.

>
> Respectfully submitted,
>
> CARMEN M. ORTIZ
> United States Attorney
>
> By: */s/ Anita Johnson*
> ANITA JOHNSON BBO 565540
> Assistant United States Attorney
> United States Attorney's Office
> Moakley United States Courthouse
> One Courthouse Way, Suite 9200
> Boston, MA  02210
> Email:  Anita.Johnson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served by first class mail, postage prepaid, upon attorney for Plaintiff, Laurence E. Sweeney, on this 30th day of December 2016.

> */s/ Anita Johnson*
> Anita Johnson
> Assistant U.S. Attorney